Frances A. Hartman, Esquire (I.D.# 8391)
HARTMAN GROUP, LLC
513 S. Lenola Road – Suite 212
Moorestown, N.J. 08057
(856) 235-4511
Attorneys for Susan and William Remphrey o/b/o/ the minor S.R..
Our File No. 2367-001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN AND WILLIAM R. REMPHREY o/b/o the minor S.R. | : <br> : <br> : |
| Plaintiff(s), | : CIVIL ACTION NO. <br> : |
| v. | : **COMPLAINT AND DEMAND FOR** <br> : **TRIAL BY JURY** <br> : |
| TOWNSHIP OF CHERRY HILL; CHERRY HILL TOWNSHIP BOARD OF EDUCATION; and FRANCIS MADISON, individually and as an agent for Cherry Hill Township and Cherry Hill Township Board of Education;  JOHN DOES 1-3, fictitious names, jointy, severally and in the alternative, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendant(s), | |

Plaintiffs, Susan and William R. Remphrey, residing at 202 Pearlcroft Road, Cherry Hill, County of Camden, State of New Jersey, (hereinafter "Plaintiffs Remphrey"), o/b/o S.R., their natural child, by way of complaint against the defendants says:

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 20 U.S.C. §1681 et seq. (Title IX).

Plaintiffs Remphrey also invokes the pendent jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to consider claims arising under State Law as each such claim arises out of the same nucleus of operative facts as those that give rise to plaintiffs' Federal claims.

## FIRST COUNT – VIOLATION OF TITLE IX

1.  Plaintiff Susan Remphrey is and at all times relevant hereto was a citizen of the United States residing at 202 Pearlcroft Road, Cherry Hill, County of Camden, State of New Jersey, and is the natural mother of the minor plaintiff, S.R.

2.  Plaintiff William R. Remphrey is and at all times relevant hereto was a citizen of the United States residing at 202 Pearlcroft Road, Cherry Hill, County of Camden, State of New Jersey, and is the natural father of the minor plaintiff, S.R.

3.  At all times relevant hereto, Defendant Township of Cherry Hill (hereinafter "Cherry Hill") is a public entity duly existing and incorporated under the laws of this State and acting under the color of State Law.  The defendant, Cherry Hill, is vested with the government and management of the Cherry Hill Township Board of Education.

4.  Defendant, Cherry Hill Township Board of Education (hereinafter "Board") is a public agency duly organized to foster the education of the minor residents of the

Township of Cherry Hill, and upon information and belief Cherry Hill Township Board of Education receives Federal funds for that purpose.

5.      At all times relevant hereto, defendant Francis Madison, (hereinafter "Madison") at all times relevant hereto, was employed as a teacher and a coach, by defendants Cherry Hill Township and Cherry Hill Township Board of Education, and taught math at Cherry Hill West High School.

6.   At all times relevant hereto defendant Madison was acting as an employee, agent and assign of Defendant Cherry Hill and Defendant Board.

7.   At all times relevant hereto, Dr. Kwame Morton was the Principal of Cherry Hill West High School and was acting as their employee, agent and assign.

8.   At all times relevant hereto, Mr. Joseph Meloche, was the Superintendent of the Cherry Hill School District and was acting as their employee, agent and assign.

9.   At all times relevant hereto, Michelle Pryor was employed as a guidance counselor by defendant Cherry Hill and defendant Board, and was acting as their employee, agent, and assign.

10. At all times relevant hereto, Mr. Chris Halladay was employed as a teacher and/or coach by defendant Cherry Hill and defendant Board, and was acting as their employee, agent, and assign.

11. At all times relevant hereto, Mrs. Brittany Gibbs was employed as a teacher and/or coach by defendant Cherry Hill and defendant Board, and was acting as their employee, agent, and assign.

12. At all times relevant hereto, Augie Ramos, was employed as an Assistant Principal by defendant Cherry Hill and defendant Board and was acting as their employee, agent and assign.

13. At all times relevant hereto, S.R., was a student at Cherry Hill West High School located in the Township of Cherry Hill.

14. While attending Cherry Hill West High School, A.M. was subjected to sexual harassment by Defendant Madison, including, but not limited to:

   a. Defendant Madison walked-up behind S.R., while S.R. had her back to Defendant Madison and placed his arms around S.R., placed his head on the neck of S.R., and simultaneously said "I love you, S.R.";

   b. Defendant Madison, frequently attempted to obtain hugs, and other inappropriate and sexually familiar contact with S.R. throughout the school year;

   c. Defendant Madison flirted with S.R. in an inappropriate manner, and engaged in other inappropriate conduct throughout the school year.

15. Said conduct occurred during school hours and on school grounds with the participation of a teacher, defendant Madison.

16. When the minor plaintiff reported defendant Madison's misconduct to Ms. Pryor, the guidance counsellor, instead of taking action to protect the minor plaintiff, Ms. Pryor asked the minor plaintiff: "What were you wearing?  Were you flirting with him [Madison]?" and suggested that defendant Madison was just being "friendly" and that the minor plaintiff "misread" the situation.  The guidance counsellor, Ms. Pryor, then sent the minor plaintiff back to defendant Madison's classroom and took no action to investigate the allegations made by minor plaintiff or to protect the minor plaintiff

from defendant Madison's behavior.

17. After the aforementioned conduct occurred Plaintiff's learned that Superintendent Meloche, Principal Dr. Morton, coach, Mr. Halladay, and coach Mrs. Gibbs were and had been aware that Defendant Madison made inappropriate physical contact and remarks to other female students attending Cherry Hill West High School.

18. Despite the fact that Defendant Madison's inappropriate conduct with regard to S.R. and toward other female students was well known to the Superintendent, the High School Principal, teachers, coaches, and other administrators employed at Cherry Hill West High School and in the Cherry Hill School District, no steps were taken by any of these individuals or entities, to protect plaintiff, S.R.

19. Plaintiffs complained to members of the Cherry Hill West staff including the guidance department, the principal and superintendent.

20. The representatives of the defendant Board were deliberately indifferent to the plaintiffs' complaints.

21. Said deliberate indifference created an intimidating, hostile, offensive, and abusive school environment in violation of Title IX.

22. The harassment was so severe, pervasive, and objectively offensive that it deprived the minor plaintiff, S.R., of access of the educational opportunities or benefits provided by the school.

**WHEREFORE,** plaintiffs demand judgment against the defendants, jointly, severally, and, in the alternative, for compensatory damages, including damages for emotional distress, medical expenses, loss of reputation, personal injury,  consequential

damages, punitive damages, tuition reimbursement, pre and post judgment interest, reasonable attorneys' fees enhanced under the LAD and the cost of suit.

## SECOND COUNT
### Violation of the New Jersey Law Against Discrimination
### N.J.S.A. 10:5-1 et. seq.

23. Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation contained in the previous paragraphs of Count One as if fully set forth herein.

24. In spite of plaintiffs' complaints, no prompt or remedial action was taken to prevent or remediate the complained of conduct or to prevent additional misconduct.

25. No substantial investigation was conducted to determine the veracity of the complaints or to remediate the hostile environment.

26. The conduct complained of above by plaintiffs would not have occurred, but for the fact that plaintiff S.R. was female.

27. The conduct complained of by the plaintiffs did in fact make the plaintiffs believe that the conditions of S.R..'s attendance at school were altered and that the school environment was hostile and abusive.

28. The alleged actions were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages.

29. The defendants' actions were performed with reckless indifference to plaintiffs' protected civil rights.

30. As a direct and proximate result of defendants' actions, plaintiffs suffered damages including, but not limited to, extreme emotional distress with physical manifestation of that distress; embarrassment; humiliation; incurred medical expenses, incurred tuition expenses; injury to their reputation and other personal injuries.

31. The defendants, by their forgoing actions, have created a hostile school environment and denied plaintiffs opportunities for education in violation of N.J.S.A. 10:5-1 at et. seq. (LAD).

WHEREFORE, plaintiffs demand judgment against the defendants, jointly, severally, and, in the alternative, for compensatory damages, including damages for emotional distress, medical expenses, loss of reputation, personal injury, consequential damages, punitive damages, tuition reimbursement, pre and post judgment interest, reasonable attorneys' fees enhanced under the LAD and the cost of suit.


## THIRD COUNT
### Inadequate Investigation and Retaliation

32. Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation contained in the previous paragraphs of Count One and Two as if fully set forth herein.

33. On or about May 18, 2015, plaintiff S.R. advised Mr. Halladay a teacher and Mrs. Prior, a guidance counselor, that she was being sexually harassed by defendant Madison, on school property.

34. Despite plaintiff S.R.'s complaint no action of any kind was taken, and plaintiff

was told to go back to Madison's class.

35. On or about May 18, 2015, plaintiff, S.R., was sent from class to the Principal's Office where she asked about Defendant Madison's conduct again.

36. For reasons unknown to the minor plaintiff, the defendant Cherry Hill Board of Education violated its own protocols by failing to notify the Cherry Hill Police; by failing to secure the video tape in the hallway outside the classroom where the incident occurred; by failing to notify New Jersey Department of Child Custody and Protection (hereinafter referred to as DCCP); by failing to timely and properly investigate the incident; and by failing to take any action to protect the minor plaintiff.

37. At or about that time, Defendant Madison was suspended briefly, and without acknowledgment of his misconduct toward S.R.

38. Despite the assurances of Superintendent Meloche and Principal Morton and others, that the plaintiffs concerns would be taken seriously, and be fully investigated and addressed, Defendants marginalized Plaintiffs' concerns; failed to properly preserve evidence and otherwise investigate; and failed to take appropriate remedial action.

39. Defendant Madison returned to teaching, without explanation to plaintiff's, without apparent consequence to Madison for his actions and without any remedial action being simultaneously taken for S.R. or other student's protection.

40.  Plaintiff S.R.'s became so distraught at defendant Madison's continued presence at the school and the lack of acknowledgement of her vulnerability by school administrators, that she was forced to leave school and receive home instruction per her

pediatrician's advice.

41. Since that time, the minor plaintiff, S.R. has been entitled to be "home schooled" but the services provided by defendant Cherry Hill and defendant Board have been wholly inadequate, and fail to provide for the minor plaintiff's social development.

42. The school's failure to adequately investigate the complaints made against this teacher; and to thereafter discipline the teacher at issue; directly, proximately and foreseeably, caused S.R. severe emotional distress, including but not limited to, post traumatic stress disorder; exacerbation of her pre-existing anxiety disorder; exacerbation of her pre-existing migraine headaches, both in frequency and intensity; and other physical manifestations of her emotional distress.

43. As a result of the Township's inaction, the S.R. has and will miss most of her junior year in high school and possibly be required to attend her junior year again, to preserve her academic achievements for purposes of attending college, and may miss attending her senior year in high school.

44. Plaintiffs, as a direct and proximate result of defendants' actions suffered damages including, but not limited to, extreme emotional distress with physical manifestation of that distress; embarrassment; permanent aggravation of pre-existing medical conditions ; incurred medical expenses, will incur tuition expenses; and other damages.

45. The actions of the defendants were outrageous and beyond the scope of human decency thus justifying the imposition of punitive damages.

46. The willful indifference of the defendants creates liability against the defendants

for punitive damages.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly, severally, and, in the alternative, for compensatory damages, including damages for emotional distress, medical expenses, loss of reputation, personal injury, consequential damages, punitive damages, pre and post judgment interest, reasonable attorneys' fees enhanced under the LAD and the cost of suit.

HARTMAN GROUP, LLC


By: _S/   Frances A. Hartman (8391)_
FRANCES A. HARTMAN

Dated:  May 24, 2016

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs hereby demand a trial by jury as to all issues in the above matter.

HARTMAN GROUP, LLC


By:  S/  Frances A. Hartman (8391)
FRANCES A. HARTMAN

Dated:  May 24, 2016

## DESIGNATION OF TRIAL COUNSEL

Frances A. Hartman, Esquire, of Hartman Group, LLC is hereby designated as trial counsel in the within matter.

HARTMAN GROUP, LLC


By:  S/   Frances A. Hartman (8391)
FRANCES A. HARTMAN

Dated:  May 24, 2016