IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN AND WILLIAM R. REMPHREY,<br><br>Plaintiffs,<br><br>v.<br><br>CHERRY HILL TOWNSHIP BOARD OF EDUCATION, FRANCIS MADISON, and JOHN DOES 1-3,<br><br>Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-3084 (JBS/JS)<br><br>**OPINION** |

APPEARANCES:

Frances A. Hartman, Esq.
Hartman Gilas, LLC
513 S. Lenola Road
Suite 212
Moorestown, NJ 08057
     Attorney for Plaintiffs

Jeffrey L. Shanaberger, Esq.
Hill Wallack LLP
202 Carnegie Center
CN 5226
Princeton, NJ 08543
     Attorney for Defendant

**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

In this case, Plaintiffs Susan and William R. Remphrey

bring claims on behalf of their minor daughter, S.R., under

Title IX and the New Jersey Law Against Discrimination against

the Cherry Hill Township Board of Education and Francis Madison.[1]
Plaintiffs allege that Mr. Madison, a teacher at Cherry Hill
West High School, sexually harassed S.R. during the 2014-2015
school year. Defendants now move to dismiss Plaintiffs'
Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons
that follow, the Court will grant in part and deny in part
Defendants' motion.

## II.  BACKGROUND[2]

S.R. was a student in her junior year at Cherry Hill West
High School in Cherry Hill, New Jersey. (Complaint [Docket Item
1] ¶ 13.) Plaintiffs allege in the Complaint that S.R. was
subjected to sexual harassment by Francis Madison, a teacher and
coach at Cherry Hill West High School. (Id. ¶ 5.) Specifically,
Plaintiffs allege the following:

> a. Defendant Madison walked-up behind S.R., while S.R. had
> her back to Defendant Madison and placed his arms around S.R.,
> placed his hand on the neck of S.R., and simultaneously said
> "I love you, S.R.";
> b. Defendant Madison, frequently attempted to obtain hugs,
> and other inappropriate and sexually familiar contact with
> S.R. throughout the school year;

---

[1] The Complaint [Docket Item 1] also includes a Third Count for
inadequate investigation and retaliation, which Plaintiffs
withdrew in their opposition brief without prejudice to their
right to renew. [Docket Item 8.] Accordingly, the Court will
grant Defendants' motion to the extent it seeks to dismiss this
claim.

[2] For purposes of the pending motion, the Court accepts as true
the version of events set forth in Plaintiff's Complaint,
documents explicitly relied upon in the Complaint, and matters
of public record.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d
Cir. 2014).

> c. Defendant Madison flirted with S.R. in an inappropriate manner, and engaged in other inappropriate conduct throughout the school year.

(Id. ¶ 14.) Plaintiffs allege that this conduct took place during school hours and on school grounds during the 2014-2015 school year. (Id. ¶ 15.)

S.R. and her parents reported Mr. Madison's misconduct to S.R.'s guidance counselor at Cherry Hill West High School, as well as the principal of the school, Dr. Kwame Morton, and superintendent, Joseph Meloche. (Id. ¶¶ 16, 19, 33-35). The guidance counselor, Michelle Pryor, instructed S.R. to return to Mr. Madison's class and took no action to investigate S.R.'s claims. (Id. ¶¶ 16, 33-34.) S.R. also spoke with Dr. Morton about Mr. Madison's conduct, but neither he nor the Board of Education notified the Cherry Hill Police; secured videotape of the hallway where the incident occurred; notified the New Jersey Department of Child Custody and Protection ("DCCP"); or took any other steps to investigate S.R.'s complaint. (Id. ¶¶ 24, 35-36.) According to Plaintiffs, Mr. Meloche and Dr. Kwame and other teachers, coaches, and administrators were aware that Mr. Madison had made inappropriate physical contact and remarks to other female students at Cherry Hill West High School before the incidents with S.R., but had done nothing to protect S.R. (Id. ¶¶ 17-18.

3

Mr. Madison was suspended briefly, without acknowledging misconduct towards S.R., but resumed teaching at some time later. (Id. ¶¶ 37-39.) S.R. thereafter left school upon the advice of her pediatrician to receive home instruction after the school failed to investigate her claims or take steps to protect her from Mr. Madison. (Id. ¶¶ 40-41.) She now suffers from severe emotional distress which has manifested as post-traumatic stress disorder and exacerbation of pre-existing anxiety disorder and migraine conditions. (Id. ¶ 42.) S.R. contends that she may be required to repeat her junior year of high school and may miss attending her senior year of high school because of Mr. Madison's misconduct and the Board of Education's inaction. (Id. ¶ 43.)

Plaintiffs brought this suit against Cherry Hill Township, the Cherry Hill Township Board of Education, Francis Madison, and John Doe Defendants 1-3, asserting claims under Title IX, 20 U.S.C. § 1681 et seq., the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq., and for inadequate investigation and retaliation. [Docket Item 1.][3] Defendants now move to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may

---

[3] Plaintiffs voluntarily dismissed their claims against Cherry Hill Township. [Docket Item 4.] They have also withdrawn their inadequate investigation and retaliation claim. (See Plaintiffs' Opposition Brief at 9.)

be granted. The motion is now fully briefed and the Court will decide without holding oral argument pursuant to Fed. R. Civ. P. 78.

## III. STANDARD OF REVIEW

Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court

must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

## IV.  DISCUSSION

### A. Plaintiffs Have Stated A Claim Under Title IX Against the Cherry Hill Township Board of Education

Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, prohibits a recipient of federal funding from discriminating on the basis of sex. Title IX provides, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving federal financial assistance . . . ." 20 U.S.C. § 1681(a). "Title IX encompasses sexual harassment of a student by a teacher and is enforceable through an implied right of action for damages against a school district." Bostic v. Smyrna Sch. Dist., 418 F.3d 355, 359 (3d Cir. 2005) (citing Franklin v. Gwinnett Cnty. Pub. Sch., 503 U.S. 60, 75-76 (1992)).[4]

_____

[4] Although Title IX is applicable to institutions and programs that receive federal funds, it "does not authorize suits against school officials, teachers, and other individuals." Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 257 (2009); see also Lockhart v. Willingboro High School, 170 F. Supp. 3d 722, 735 (D.N.J. 2015) (same). Plaintiffs' Title IX claim therefore does not reach Mr. Madison and will be dismissed as to him.

Under Title IX, a school board may be held liable for a teacher's sexual harassment of a student where a plaintiff can show that an "appropriate person," "who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct." Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 277 (1998). "Actual notice" must amount to "actual knowledge of discrimination in the recipient's programs." Id. at 290. A school district will not be liable "for a teacher's sexual harassment of a student based on principles of respondeat superior or constructive notice, i.e., without actual notice to a school district official." Id. at 285.

Defendants contend that Plaintiffs have failed to state a claim under Title IX because they have not shown with adequate detail that an appropriate person had actual knowledge of the alleged harassment; that any school officials were deliberately indifferent to S.R.'s complaints; that S.R. was subjected to "severe, pervasive, and objectively offensive harassment" by Mr. Madison; or that S.R. has been deprived of access to educational opportunities or benefits. To the contrary, the Court finds that the Complaint sufficiently states a claim under Title IX against the Board of Education to withstand a motion to dismiss.[5]

---

[5] Defendants correctly point out in their Reply brief that Plaintiffs flesh out the allegations in the Complaint with new

The Court has no doubt that Plaintiffs have alleged that S.R. reported the alleged harassment to an "appropriate person" to establish this element of Title IX liability: the Complaint alleges that S.R. discussed Mr. Madison's conduct with Dr. Morton, the principal of Cherry Hill West High School, on May 18, 2015, and that Plaintiffs "complained to members of the Cherry Hill West staff including . . . the principal and superintendent." (Compl. ¶¶ 19, 35.) While S.R.'s complaints to her guidance counselor or other teachers may not have been to school officials with "authority to institute corrective measures," Gebser, 524 U.S. at 277, "a school principal who is entrusted with the responsibility and authority normally associated with that position will ordinarily be an appropriate person under Title IX." Warren ex rel. Good v. Reading Sch. Dist., 278 F.3d 163, 171 (3d. Cir. 2002). These allegations, if proved, are sufficient to establish that the Cherry Hill

---

facts in their Opposition brief. (See Reply at 3.) The Court decides this motion disregarding this additional factual matter because it is well-settled that "a plaintiff may not amend the complaint through arguments in a brief." Cheeseman v. Baxter Healthcare Corp., Case No. 08-4814, 2009 WL 1351676, at *4 (D.N.J. May 13, 2009) (quoting Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996)). Nonetheless, the Court rejects Defendants' selective and narrow interpretation of the Complaint itself, and finds sufficient the facts contained within the four corners of the Complaint to state a claim under Title IX and, as discussed below, the NJLAD.

Township Board of Education had knowledge of Mr. Madison's alleged conduct.

Similarly, the Complaint sufficiently alleges that the Board of Education was deliberately indifferent to S.R.'s complaint. Deliberate indifference occurs "where the recipient's response to harassment or lack thereof is clearly unreasonable in light of the known circumstances." Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 648 (1999); see also Bostic v. Smyrna Sch. Dist., 418 F.3d 355, 360 (3d Cir. 2005) (defining deliberate indifference as "an official decision by the recipient not to remedy the violation."). Without relying on mere legal conclusions, the Complaint describes how Dr. Morton and Mr. Meloche allegedly knew of other instances of inappropriate physical contact or remarks between Mr. Madison and female students, and failed to investigate S.R.'s complaint, preserve evidence, or separate S.R. from Mr. Madison. (See Compl. ¶¶ 17-19, 36-40.) Assuming the truth of Plaintiffs' allegation that such actions "violated [the Board of Education's] own protocols" for dealing with sexual harassment, the Complaint sets forth grounds to find that the Board's decision to keep Mr. Madison on staff may have been "clearly unreasonable." Defendants' argument that such allegations need to set forth with more specificity "what particular knowledge the superintendent or administrators . . . had" imposes a level

of detail not required by Rule 8(a), Fed. R. Civ. P.
Accordingly, at this stage of the litigation, Plaintiffs have
alleged a plausible factual basis to satisfy this element that
the Board of Education was deliberately indifferent to S.R.'s
complaint.

Next, Defendants contend that Plaintiffs have not set forth
circumstances constituting a hostile school environment to be
actionable under Title IX. Defendants take the position that the
alleged sexual harassment must be "so severe, pervasive, and
objectively offensive that it effectively bars the victim's
access to an educational opportunity or benefit." Davis v.
Monroe Cnty. Bd. of Educ., 526 U.S. 629, 633 (1999). But
Defendants fail to note that this standard is limited to "the
context of student-on-student harassment." Id. at 651. Rather,
"[w]hether gender-oriented conduct rises to the level of
actionable 'harassment' thus depends on a constellation of
surrounding circumstances, expectations, and relationships,
including, but not limited to, the ages of the harasser and the
victim and the number of individuals involved." Id. (internal
citations omitted). The Complaint alleges that Mr. Madison, a
teacher and coach, engaged in both inappropriate remarks and
physical conduct with S.R. and other female students, all of
whom were presumably of high school age, "throughout the school
year." (Compl. ¶¶ 14, 17-18.) Assuming the truth of these

allegations, Plaintiffs set forth circumstances in which an adult, in a position of authority, engaged in inappropriate conduct, both physical and verbal, with teenaged girls for months – circumstances which could plausibly be interpreted as actionable harassment. Again, Defendants' argument that the Complaint needs to specifically identify the people, conduct, and dates of such harassment to withstand a motion to dismiss imposes a level of detail not required by Rule 8(a). Such details can be explored in pretrial discovery.

For these reasons, Defendants' motion to dismiss is denied to the extent it seeks to dismiss Plaintiffs' cause of action under Title IX against the Cherry Hill Township Board of Education. Defendants' motion is granted to the extent it seeks to dismiss Plaintiffs' Title IX claim against Mr. Madison as an individual.

### B. Plaintiffs Have Stated A Claim Under the NJLAD Against the Cherry Hill Township Board of Education and Mr. Madison

The New Jersey Law Against Discrimination ("NJLAD") provides that

> All persons shall have the opportunity to obtain . . . all the accommodations, advantages, facilities, and privileges of any place of public accommodation . . . without discrimination because of race, creed, color, national origin, ancestry, age, marital status, affectional or sexual orientation, familial status, disability, national origin, sex, gender identity or expression. . . . This opportunity is recognized as and declared to be a civil right.

N.J.S.A. 10:5-4. The NJLAD's protections apply to gender discrimination, including sexual harassment, in a school setting. N.J.S.A. 10:5-5; see also L.W. ex rel. L.G. v. Toms River Regional Sch. Bd. of Educ., 915 A.2d 535, 547 (N.J. 2007). To state a claim for hostile school environment under the NJLAD, "an aggrieved student must allege discriminatory conduct that would not have occurred 'but for' the student's protected characteristic, that a reasonable student of the same age, maturity level, and protected characteristic would consider sufficiently severe or pervasive enough to create an intimidating, hostile, or offensive school environment, and that the school district failed to reasonably address such conduct." Id. The New Jersey Supreme Court purposely imposed a less burdensome requirement under the NJLAD than Title IX's deliberate indifference standard; instead, a student must only show that the school "grants a supervisor authority to control the school environment and the supervisor either abuses that authority or has actual or constructive knowledge of the harassment and fails to take effective measures to end the discrimination." Joyce v. City of Sea Isle City, Case No. 04-5345, 2008 WL 906266, at *23 (D.N.J. March 31, 2008); see also L.W., 915 A.2d at 549 (rejecting Title IX's deliberate indifference standard for harassment in schools). The

12

reasonableness of the school's response must be evaluated "in light of the totality of the circumstances, that is, the constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a single recitation of the words used or the physical acts performed." L.W., 915 A.2d at 551 (citing Oncale v. Sundowner Offshore Servs. Inc., 523 U.S. 75, 82 (1998)).

As with Plaintiffs' Title IX claim, Defendants' arguments in favor of dismissal misconstrue the allegations in the Complaint. Defendants focus on the single paragraph in which Plaintiffs allege that Mr. Madison hugged S.R. and said "I love you, S.R." (Compl. ¶ 14a), taking the position that a "reasonable student of the same age, maturity level, and protected characteristic" would not consider this single incident "severe or pervasive enough to create a hostile school environment." L.W., 915 A.2d at 547. Defendants' position ignores other allegations in the Complaint that Mr. Madison "frequently" attempted to obtain hugs and "flirted with S.R. in an inappropriate manner" throughout the school year, that he had made similar inappropriate physical conduct and remarks to other female students at Cherry Hill West High School, and that S.R. had pre-existing medical conditions including an anxiety disorder and migraine headaches. (Compl. ¶¶ 14b&c, 17-18, 42.) The Complaint further alleges that this conduct was so pervasive

13

and severe that it caused S.R. to withdraw from the school, attempt homeschooling, and develop a severe emotional reaction. Assuming the truth of these allegations, and keeping in mind that Mr. Madison was in a position of authority with respect to S.R. and other teenaged girls, the Complaint fairly gives rise to an inference that Mr. Madison's conduct may have been severe and pervasive.

Likewise, the Complaint fairly alleges that the "school district failed to reasonably address" Plaintiffs' complaints about Mr. Madison and S.R. While the Complaint acknowledges that Mr. Madison was suspended briefly (Compl. ¶ 37), it also avers that the Board of Education "violated its own protocols" and failed to investigate S.R. and Plaintiffs' complaints by failing to alert the police or DCCP and preserve evidence. (Id. ¶¶ 25, 36-38.) Similarly, the Board of Education's decision to reinstate Mr. Madison as a teacher and keep S.R. in his class for the remainder of her junior year may plausibly be found an unreasonable decision in light of S.R.'s complaints that his conduct occurred throughout the school year, and with other female students. (Id. ¶¶ 17-18, 38-40.)

For these reasons, Defendants' motion to dismiss Plaintiffs' claim under the NJLAD is denied.

### C. Plaintiffs' Request for Punitive Damages

Defendants also move in their motion to dismiss Plaintiffs' requests for punitive damages in all counts of the Complaint. Plaintiffs concede that they are not entitled to punitive damages under Title IX, and have withdrawn their claim for inadequate investigation and retaliation. Accordingly, the Court must only decide whether Plaintiffs have plead a prima facie case entitling them to punitive damages under the NJLAD.

Because punitive damages are intended not to compensate an injured party but to deter future misconduct, they are available only under a "heightened standard" of liability. Punitive damages are available against a public entity under the NJLAD "only where the wrongdoer's conduct is especially egregious . . . . [and] only in the event of actual participation by upper management or willful indifference." Lehmann v. Toys R Us, Inc., 626 A.2d 445, 464 (N.J. 1993); see also Cortes v. Univ. of Medicine and Dentistry of New Jersey, 391 F. Supp. 2d 298, 316-17 (D.N.J. 2005) (same). Conduct is considered egregious where the plaintiff can prove "an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and willful disregard for the rights of plaintiff" or where the plaintiff can prove that the defendant "acted with actual malice." Quinlan v. Curtiss-Wright Corp., 8 A.3d 209, 230 (N.J. 2010). This is a fact-sensitive inquiry. Id.

15

Because the Court has already determined that the Complaint alleges that "upper management," or in this case, Dr. Morton and Mr. Meloche, knew of S.R.'s complaints of harassment and were deliberately indifferent to her claims, and because it would be premature to make a factual determination as to the egregiousness of Mr. Madison's conduct, the Court will not dismiss Plaintiffs' request for punitive damages under the NJLAD at this time. Whether Plaintiffs will actually be entitled to punitive damages, should they eventually prevail on their NJLAD claim in the future, is a question for another day.

Accordingly, the Court will deny Defendants' motion to the extent they seek to dismiss Plaintiffs' request for punitive damages under the NJLAD. The Court will grant Defendants' motion to the extent they seek punitive damages under Title IX.

## V.   CONCLUSION

An accompanying Order will be entered.



**January 20, 2017**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge